**Roy M. BETTIS, Plaintiff,**

v.

**Walter Augusto ROACHE, Transportes and Hipotecas, Inc., a corporation, Defendants.**

**Civ. No. 6493.**

United States District Court
D. Canal Zone,
Balboa Division.
March 10, 1969.

Harry H. Allen, Jr., Balboa, Canal Zone, for plaintiff.

Henry L. Newell, Balboa, Canal Zone, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CROWE, District Judge.

This cause coming on regularly for trial on the 26th day of February, 1969, the plaintiff Roy M. Bettis, appearing in person and by his attorney of record, Harry H. Allen, Jr., and the defendants, Walter Augusto Roache and Transportes and Hipotecas, Incorporated, a corporation, appearing by their attorney of record, Henry Newell.

The defendants, through their attorney, announce in open Court that they accept and stipulate that the allegations of negligence are true and correct as alleged in the amended complaint of the plaintiff, whereupon the trial proceeds, upon said stipulation, as to the proofs of damage caused to the plaintiff;

The Court having heard the testimony of the witnesses, having examined the proofs and documents offered by the respective parties and having heard argument of counsel, finds as

## FINDINGS OF FACT:

FIRST: That the plaintiff is an American citizen over the age of twenty-one years and a resident of Curundu, Canal Zone and of the Balboa Division of this Court; that on the 15th day of January, 1968, the defendant, Walter Augusto Roache, was over the age of twenty-one years, and on said day in the employ of the defendant, Transportes and Hipotecas, Incorporated, a corporation.

SECOND: That on the said 15th day of January, 1968, the defendant, Transportes and Hipotecas, Incorporated, a corporation, was a corporation duly organized and existing under the laws of the Republic of Panama and engaged in the business of common carrier and transporting passengers for hire within the Canal Zone;

THIRD: That on the said 15th day of January, 1968, the said defendant, Transportes and Hipotecas, Incorporated, had hired the defendant, Walter Augusto Roache, to drive, operate and handle its automobile bus bearing a license plate issued by the Republic of Panama for the year 1967, number C 140351, and that on the 15th day of January, 1968, the said defendant, WALTER AUGUSTO ROACHE was operating the said automobile bus with the consent of the said defendant, Transportes and Hipotecas, Incorporated.

FOURTH: That on the 15th day of January, 1968, the plaintiff, Roy M. Bettis, was the owner of a certain Renault automobile, purchased approximately three months previously for a price of $1,700.00.

FIFTH: That on the 15th day of January, 1968, on a public highway in Balboa, Canal Zone and within the Balboa Division of this Court, called Diablo Road, the said defendant, Walter Augusto Roache, negligently, recklessly, and without proper caution drove, operated and managed the automobile bus owned by the defendant, Transportes and Hipotecas, Incorporated, as to cause it to come into violent collision with the auto-

mobile owned by the plaintiff causing severe damage to the Renault automobile owned by the plaintiff and causing the said plaintiff to be thrown about in his automobile receiving severe and painful damage and injury to him and his person.

SIXTH: That on the day of the said collision and at the time thereof the defendant's automobile bus was in a state of disrepair in that the brakes of the said vehicle were not in reasonable operating condition and that the said defendant, Transportes and Hipotecas, Incorporated, was negligent in permitting the operation of the said automobile bus in such a state of disrepair.

■ SEVENTH: That as result of the said collision the Renault automobile owned by the plaintiff was damaged beyond economical repair to the plaintiff's damage in the amount of $1700 and that plaintiff was without the use of his automobile for a period of five days to his damage in the amount of $60.00 and was further damaged in that he was required to purchase another automobile necessitating an investment of funds to his further damage in the amount of $102.00.

■■ EIGHTH: That as a result of the injuries suffered in the said collision the plaintiff was forced to undergo medical treatment and surgery and to have one rib removed; that plaintiff was absent from his employment for a period of seven weeks to his damage in the amount of $1844.40 and that his medical treatment and expenses amounted to $1212.85.

■ NINTH: That pain and suffering caused to the plaintiff as a result of said injuries are compensable and the Court fixes the plaintiff's damage for pain and suffering in the amount of $1200.00.

The Court therefore finds as CONCLUSIONS OF LAW

TENTH: That the plaintiff is entitled to recover of the defendants, jointly and severally, the sum of $6119.25, and judgment therefore will be entered accordingly.